Leon JONES et al., etc.,
Plaintiffs-Appellants,

v.

PACIFIC INTERMOUNTAIN EXPRESS et al., Defendants-Appellees.

No. 75–2049.

United States Court of Appeals,
Ninth Circuit.

April 30, 1976.

Rehearing and Rehearing En Banc Denied June 21, 1976.

William Gould, Stanford, Cal., (argued), for plaintiffs-appellants.

Duane Beeson, San Francisco, Cal. (argued), Brundage, Beeson, Tayer & Kovach, San Francisco, Cal., for defendants-appellees.

Gerald Letwin, Atty., EEOC, Washington, D.C. (argued), for amicus curiae.

OPINION

Before BARNES and TRASK, Circuit Judges, and LUCAS,\* District Judge.

BARNES, Senior Circuit Judge:

This is an appeal from a denial of a motion for preliminary injunction. Our jurisdiction rests solely on 28 U.S.C. § 1292(a)(1), which allows appeals from interlocutory orders denying injunctive relief.

We affirm.

■ As has been said by this Court on many occasions, and reiterated as recently as March, 1976:

"The district court's denial of a preliminary injunction is subject to a particularly narrow scope of review in this court. 'The grant or denial of a preliminary injunction is subject to reversal only if

the lower court based its decision upon an erroneous legal premise or abused its discretion.' *William Inglis & Sons Baking Co. v. ITT Continental Baking Co.,* 526 F.2d 86, 88 (9th Cir. 1975), citing *Douglas v. Beneficial Finance Co.,* 469 F.2d 453, 454 (9th Cir. 1972), *and Burton v. Matanuska Valley Lines,* 244 F.2d 647, 651, 17 Alaska 298 (9th Cir. 1957). Thus we are bound by the district court's resolution of conflicting evidence and other findings of fact. If the court applied the proper legal standard, we cannot reverse its decision unless denial of the injunction was so unjustified as to constitute an abuse of discretion."

*Federal Trade Commission v. Simeon Management Corporation,* 532 F.2d 708, (9th Cir. 1976). The granting or withholding of a preliminary injunction rests in the sound discretion of the trial court,[1] and among other factors to be considered are whether irreparable harm will result absent such stay, and whether there is a likelihood that the moving party will prevail on the merits.[2]

This appeal rests as to jurisdiction upon one of the five exceptions listed in 28 U.S.C. § 1292, allowing an appeal without the usual requirement of finality in the trial court's action. These exceptions have been carved out by the Congress to "permit litigants to effectually challenge interlocutory orders of serious, perhaps irreparable, consequence."[3]

■ Thus but two areas of inquiry are open to a reviewing court in this type of an appeal:

(1) Will irreparable harm result absent a stay?

\* Honorable Malcolm M. Lucas, United States District Judge, Central District of California, sitting by designation.

1. *Meccano, Ltd. v. John Wanamaker,* 253 U.S. 136, 141, 40 S.Ct. 463, 465, 64 L.Ed. 822, 826 (1920).

2. *The Quechan Tribe of Indians v. Rowe,* 531 F.2d 408 (9th Cir. 1976); *Sellers v. Regents of the University of California,* 432 F.2d 493, 497 (9th Cir. 1970), *cert. denied,* 401 U.S. 981, 91

S.Ct. 1194, 28 L.Ed.2d 333 (1971); *County of Santa Barbara v. Hickel,* 426 F.2d 164, 168 (9th Cir. 1970); *King v. Saddleback Junior College District,* 425 F.2d 426, 427 (9th Cir. 1970), *cert. denied,* 404 U.S. 979, 92 S.Ct. 342, 30 L.Ed.2d 294 (1971); *Jones v. Board of Regents,* 397 F.2d 259 (9th Cir. 1968).

3. Wright on Federal Courts, Second Ed. (1973) p. 459.

(2) Is there a likelihood that the moving party will prevail on the merits? [4]

While the complaint in this employment discrimination action is not before us on this appeal in *haec verba*, appellants assert in their motion (in conclusionary language only) [5] that they have satisfactorily answered in the affirmative both questions asked above.

We note this action is one of the many cases presently before the courts on "The Problem of Last Hired, First Fired: Retroactive Seniority as a Remedy under Title VII." [6]

■ The trial court pointed out in its opinion that the collective bargaining agreement between defendant employer Pacific Intermountain Express and defendant locals of the International Brotherhood of Teamsters required lay offs of over the road truck drivers ("OTR drivers") in inverse order of their seniority, and that while plaintiffs rely upon *Watkins v. United States Steel Workers of America, Loc. No. 2369*, 369 F.Supp. 1221, 1228 (E.D.La. 1974) (a district court case in the Fifth Circuit), that same Circuit in *Franks v. Bowman Transportation Co., Inc.*,[7] a later appellate case, held that "constructive seniority back to the date of application, sought for black applicants for over-the-road truck driving jobs" who were "rejected because of race . . . did not make illegal an otherwise bona fide seniority system. 42 U.S.C. 2000e–2(h)." The district

court also cited two Third Circuit cases which "subsequently reached similar conclusions." [8] Clearly the denial was justified under the law existing on April 2, 1975.

*Franks v. Bowman Transportation Co., supra,* was decided by the Supreme Court on March 24, 1976. 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444, 44 U.S.L.W. 4356. We note first that *Bowman* was a certified class action. The case before us is not.[9] *Bowman* dealt with the issues after a full trial. There has been no trial in this case. But *Bowman* held that both the district court's and the Court of Appeals' ruling that seniority relief was barred to certain plaintiffs (Class 3) by § 703(h) of Title VII, 42 U.S.C. 2000e–2(h) was "clearly error." This statute was one basis relied upon by the district court as a ground for its denial of a motion for a preliminary injunction. We cannot rely on it on this appeal, for in light of the Supreme Court opinion in *Bowman,* it would be error to do so.

It is also true that *Bowman* establishes there is a stronger likelihood that plaintiffs would prevail on the merits than has heretofore existed, though not as to all matters sought by plaintiffs below—but in a more limited way, and by way of relief under Title VII, § 706(g). Such possible relief (unlike that demanded by plaintiffs below in their motion), (1) would date back only to the time the plaintiffs submitted their applications for employment to employer defendants, (2) would be against only those employers who had then intentionally en-

**4.** *Germon v. Times Mirror Co.,* 520 F.2d 786 (9th Cir. 1975); *Friends of the Earth v. Coleman,* 518 F.2d 323, 327 (9th Cir. 1975); *Robinswood Community Club v. Volpe,* 506 F.2d 1366, 1368 (9th Cir. 1974); *Associated Students v. NCAA,* 493 F.2d 1251, 1257 (9th Cir. 1974).

**5.** C.T. p. 4, lines 7–9: "Plaintiffs allege that the law and facts in the instant case make it extremely likely that plaintiffs will prevail on the merits."

C.T. p. 4, lines 10–14: "If this preliminary injunction is granted, the injury, if any, to the defendants herein, if the final judgment is in their favor, will be minimal compared to the injury plaintiffs will continue to suffer if this preliminary injunction is denied."

**6.** Title of an interesting note in 9 Georgia Law Review, 611 (1975). *See also,* "Last Hired,

First Fired, Seniority, Layoffs & Title VII: Questions of Liability and Remedy, 11 Colum. J.L. & Soc.Prob. 343, 376, 378 (1975).

**7.** 495 F.2d 398, 417–418 (5th Cir. 1974) *See also, United States v. Navajo Freight Lines, Inc., et al.,* 525 F.2d 1318 (9th Cir. 1975).

**8.** *Waters v. Wisconsin Steel Works of International Harvester Co.,* 502 F.2d 1309, 43 U.S. L.W. 2110, *cert. filed,* 44 U.S.L.W. 3037 (July 22, 1975); *Jersey Central Power & Light v. I.B.E.W. Local 327,* 508 F.2d 687 (3rd Cir. 1975), *cert. filed,* 44 U.S.L.W. 3084 (Aug. 1, 1975); 44 U.S.L.W. 3207 (Sept. 24, 1975).

**9.** *See* C.T., pp. 87 and 88.

gaged in discriminatory, and hence unlawful, employment practices, and (3) would apply only to the benefits of presently qualified OTR drivers.

Appellants in their presentation below and on this appeal easily avoid any question of the then *availability* of jobs for either blacks or whites, when they assert the appellants here are entitled to have a seniority recognized, not back to the date when they first applied for their jobs, but back to the "fictional date"—the date they thought of applying, but failed to do so. There has been no consideration or determination here by the district court to establish that at *any* specific previous date *any* truck driving jobs were then available to *anyone.*

*Bowman, supra,* does not hold that "an award of seniority status is requisite in all circumstances." 424 U.S. 770, 96 S.Ct. 1267, 47 L.Ed.2d 465, 43 U.S.L.W. 4363. The remedy under § 706(g) authorizes the court to "enjoin . . . unlawful employment practice, and order such affirmative action as may be appropriate, which *may* include, *but is not limited to,* reinstatement or hiring of employees, with or without back pay . . . or any other equitable relief as the court deems appropriate . . . 42 U.S.C. § 2000e–5(g)." *Franks v. Bowman, supra,* 424 U.S. 762, 96 S.Ct. 1263, 47 L.Ed.2d 460, 44 U.S.L.W. 4360 n. 19 (emphasis added). *See also,* 424 U.S. 764 and 770, 96 S.Ct. 1264 and 1267, 44 U.S.L.W. 4361 n. 21 and 4363, Part IV.

Thus, as we have stated, while there is *now* a slightly stronger likelihood that plaintiffs may prevail on the merits of the case, there is certainly no strong likelihood of such success, nor is it "extremely likely" as appellants assert,[10] primarily because the necessary evidence is not in the record before us—just as it was not before the district judge when he denied the motion, which is the subject of this appeal.

We conclude the matter should be remanded to the district court for trial. If the intentional discrimination against the plaintiffs is established by competent, substantial evidence at such trial, the court will undoubtedly fashion what it deems to be proper, adequate and equitable relief. At this point, having examined the record before us, we cannot conclude the district court abused its discretion in denying plaintiff's application for a preliminary injunction. Accordingly, the denial of the motion for preliminary injunction is affirmed, and the matter is remanded to the district court for further proceedings.