Ina P. ANDERSON, Plaintiff-Appellee,

v.

UNITED STATES of America et al., Defendants-Appellants.

No. 77–3222.

United States Court of Appeals, Ninth Circuit.

Nov. 28, 1979.

As Amended Feb. 14, 1980.

Rehearing Denied Feb. 22, 1980.

---

B. Mahlon Brown, U. S. Atty., William C. Turner, Asst. U. S. Atty., Las Vegas, Nev., for defendants-appellants.

John F. O'Reilly, Las Vegas, Nev., for plaintiff-appellee.

Before WRIGHT and TANG, Circuit Judges, and JAMESON, Senior District Judge.*

EUGENE A. WRIGHT, Circuit Judge:

The government has appealed from a preliminary injunction which ordered the United States Air Force to hire no person other than appellee Anderson for a specific position, and ordered the transfer of Anderson to the position pending a final decision on the merits.

The government contends that (1) Anderson cannot seek a remedy in federal court because she failed to exhaust her administrative remedies; (2) the district court abused its discretion by ordering that Anderson be hired; and (3) the court abused its discretion in ordering the Air Force to hire no one other than Anderson.[1]

*FACTS*

In October 1976, Anderson, a GS–5 secretary, applied for the position of Manage-

---

* Of the District of Montana.

1. The government argues also that Anderson was not discriminated against. Discrimination is not the issue. The Air Force promised her priority promotion consideration. The issue is whether the promise was improperly implemented by the district court.

ment Analyst at Nellis Air Force Base. The position was announced as a GS–7 position with a growth potential to GS–9. Anderson competed for it with five other women. She reported to the Civilian Personnel Office that the selection supervisor had said he preferred a man for the position and she later made a discrimination complaint to the Federal Women's Coordinator.

The matter was handled as an informal complaint in accordance with Air Force Regulation (AFR) 40–713. The selection supervisor was required to choose only among the six original candidates, all female. Anderson was not selected.

She charged that she did not receive fair consideration because the officer knew of her complaint. She filed a formal discrimination complaint on March 31, 1977. The Air Force responded on June 6, giving her priority promotion consideration: "This final decision is that you will be given consideration for a promotion to a GS–07 position for which you are qualified before consideration [will] be given to other candidates." [2]

Armed with this promise, Anderson applied in August 1977 for the position of Employee Relations Specialist but was not given priority promotion consideration for it. She failed to place among the top five candidates and was rejected on August 23rd.[3]

Later that month she formally appealed the refusal to give her priority consideration for the position. The Air Force told her that she was not given priority because the new position had a higher target level (GS–11) than the Management Analyst position she had been denied (GS–9).

2. This remedy conforms to Air Force Regulation 40–713 which states that one proper remedy for discrimination is "[c]onsideration for promotion to a position for which the employee is qualified before consideration is given to other candidates."

3. Had Anderson been given priority promotion consideration she would have been placed in this group of five final candidates. Moreover, her counsel contended at oral argument that she would have been the only candidate sent

On September 1, Anderson filed this action seeking a temporary restraining order and a preliminary injunction. On that day, a temporary restraining order was issued prohibiting the hiring of anyone other than Anderson. On the following day, she filed a formal grievance with the Air Force pursuant to AFR 40–771. On September 16, the district court issued the preliminary injunctions challenged here.[4] Anderson has since occupied the position of Employee Relations Specialist.

## DISCUSSION

### I. Exhaustion of Administrative Remedies.

The government's principal contention is that the district court should not have granted an injunction because Anderson failed to exhaust her administrative remedies. Because we determine that the court erred in granting the preliminary injunction, we need not decide whether Anderson exhausted her administrative remedies.

### II. The Granting of Mandatory Preliminary Relief.

■ The government next contends that a mandatory injunction is unwarranted. We agree.

Mandatory preliminary relief, which goes well beyond simply maintaining the status quo *pendente lite*, is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party.

*Martinez v. Mathews*, 544 F.2d 1233, 1243 (5th Cir. 1976). *See also United States v. Spectro Foods Corp.*, 544 F.2d 1175 (3d Cir. 1976); *Exhibitors Post Exchange, Inc. v.*

out initially to interview for the job. There is nothing in the record, however, to substantiate this assertion. It appears that she still would have had to compete with the other final candidates.

4. On September 22, a circuit judge granted the government's Emergency Motion to Stay the district court's order. However, a two-judge panel reversed that action on October 12, 1977.

*National Screen Service Corp.*, 441 F.2d 560 (5th Cir. 1971). The court stated in *Clune v. Publishers' Assn. of New York City*, 214 F.Supp. 520 (S.D.N.Y.1963), *aff'd per curiam*, 314 F.2d 343 (2d Cir. 1963):

> [C]ourts are more reluctant to grant a mandatory injunction than a prohibitory one and . . . generally an injunction will not lie except in prohibitory form. Such mandatory injunctions, however, are not granted unless extreme or very serious damage will result and are not issued in doubtful cases or where the injury complained of is capable of compensation in damages.

214 F.Supp. at 531.

■ In this case, the mandatory injunction was an inappropriate remedy. First, should Anderson succeed on the merits, she can be promoted retroactively and compensated in damages and back pay. Second, according to the terms of the Air Force decision, Anderson was entitled to priority promotion consideration, not to the specific job. She did not place among the top five candidates so it is unlikely she would have been selected had she been given priority consideration.

Finally, she would not be damaged seriously if the mandatory injunction were not issued. Although she would be unable to take the Employee Relations Specialist position, there would likely be other GS–7 positions for which she could compete in the near future. Two GS–7 positions became available within the first few months of the Air Force's June 6 decision. She will have an opportunity to utilize her promotion consideration.✴

The mandatory injunction, on the other hand, interferes with Air Force internal affairs by dictating which candidate it must hire. This interference transcends the court's mere enforcement of an Air Force decision to give Anderson priority consideration.

Because the facts and law do not clearly favor Anderson's position, the district court abused its discretion in granting preliminary mandatory relief.

### III. *The Prohibitory Injunction Pending Trial on the Merits.*

The government next asserts that the district court should not have enjoined the Air Force from hiring anyone other than Anderson pending a trial on the merits. We agree.

This court has announced that one moving for a preliminary injunction must demonstrate either probable success on the merits and irreparable injury, or that "serious questions are raised and the balance of hardships are tipped sharply in his favor." *Miss Universe, Inc. v. Flesher*, 605 F.2d 1130 (9th Cir. 1979); *Jones v. Pacific Intermountain Express*, 536 F.2d 817 (9th Cir.), *cert. denied*, 429 U.S. 979, 97 S.Ct. 490, 50 L.Ed.2d 587 (1976); *William Inglis & Sons Baking Co. v. ITT Continental Baking Co.*, 526 F.2d 86, 88 (9th Cir. 1975).

Anderson has not met this burden. It is not clear that she is likely to prevail on the merits because the personnel position has a higher target level than the position she was originally denied.

Even if success on the merits were presumed, she cannot demonstrate irreparable injury. The assertion that her career would be damaged by losing the specific position and its seniority is insufficient because there is little likelihood that she would receive the position even if she were given priority consideration. Any harm she might suffer can be remedied adequately by retroactive promotion and back pay. She fails to meet the test of irreparable injury and probable success on the merits.

Nor does she satisfy the alternative burden-of-hardships test. As we have noted, had an injunction not been granted, she

would not have been seriously harmed. On the other hand, a prohibitory injunction disrupts the military's internal affairs by creating an open position pending the outcome of the case. The harm caused by the prohibitory injunction outweighs the harm Anderson would suffer had none been issued.

The usual tests for a preliminary injunction apply to employment discrimination cases. *Dendy v. Washington Hospital Center*, 189 U.S.App.D.C. 212, 581 F.2d 990 (D.C.Cir. 1978); *Equal Employment Opportunity Commission v. Rinella & Rinella*, 401 F.Supp. 175 (N.D.Ill.1975). Courts have been reluctant to grant preliminary injunctions in such cases. *Parks v. Dunlop*, 517 F.2d 785 (5th Cir. 1975). The *Parks* court, reversing a preliminary injunction in a reverse discrimination case, said:

> [S]hould Parks prevail on the merits, the district judge would have the power to award him the position he seeks, despite the fact that a permanent appointment to that position had been made in the interim. This would mean that his only damages, if he were to be held entitled to prevail on the merits, would be the monetary loss calculated on the pay differential of the job he sought and the one he holds.

*Id.* at 787. Similarly, if one can be adequately compensated in back pay, a preliminary injunction should not be issued. *Washington v. Walker*, 529 F.2d 1062 (7th Cir. 1976).

"[A]n appellate court may reverse an order granting a preliminary injunction where the appellee's showing is something less than the persuasive demonstration upon which an injunction must be predicated." *Sierra Club v. Hickel*, 433 F.2d 24, 33 (9th Cir. 1970). We find Anderson's arguments insufficient.

The orders for mandatory and prohibiting preliminary injunctions are reversed and the cause is remanded.