695 F.2d 1136
 30 Fair Empl.Prac.Cas. 1059,
30 Empl. Prac. Dec. P 33,273
Charla DUKE, Appellant,
v.
Emory LANGDON, as Regional Counsel, Western Region, Office
of the Chief Counsel, Internal Revenue Service, Department
of the Treasury, United States of America, James Booher,
Lamont Olsen, John E. Lahart, Jr., Appellees.
 No. 81-4588.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 15, 1982.
 Decided Jan. 4, 1983.
Rehearing Granted and Opinion Supplemented March 16, 1983.
 
 Matthew A. Coles, San Francisco, Cal., argued, for appellant; Mary C. Dunlap, San Francisco, Cal., on brief.
 Deborah Seymour, San Francisco, Cal., for appellees.
 Before KILKENNY, Senior Circuit Judge, FLETCHER, and BOOCHEVER, Circuit Judges.
 BOOCHEVER, Circuit Judge:
 
 
 1
 Appellant, Charla Duke, is a former junior attorney with the IRS. Her appointment to this position was conditional, there being a one year probationary period. She commenced employment on or about October 20, 1980.
 
 
 2
 Her performance evaluation in June, 1981 contained a recommendation against retention. She was again evaluated in August, 1981, and, again, she was not recommended for retention. Approximately four months later, she was terminated since her performance had not improved.
 
 
 3
 In late September, 1981, Duke filed a formal employment discrimination complaint with the EEOC challenging her proposed termination. On October 1, 1981, she filed a Title VII action in district court seeking an injunction restraining the IRS from terminating her during the pendency of her EEOC and Title VII claims. On October 15, 1981, the district court dismissed the action for lack of jurisdiction for failing to exhaust administrative remedies. This appeal followed.
 
 
 4
 The law of the circuit is that in a 'limited class of cases' a district court has jurisdiction to grant a preliminary injunction in a Title VII case before the completion of the administrative process in order to maintain the status quo. Berg v. Richmond Unified School District, 528 F.2d 1208, 1211 (9th Cir.1975), vacated and remanded on the merits per curiam, 434 U.S. 158, 98 S.Ct. 623, 54 L.Ed.2d 375 (1977). This rule applies to federal employees as well as to private employees. See Porter v. Adams, 639 F.2d 273, 278 (5th Cir.1981); McGinnis v. United States Postal Service, 512 F.Supp. 517, 521 (N.D.Cal.1980).
 
 
 5
 'The usual tests for a preliminary injunction apply to employment discrimination cases.' Anderson v. United States, 612 F.2d 1112, 1116 (9th Cir.1980) (as amended). One moving for a preliminary injunction must demonstrate either probable success on the merits and irreparable injury, or that serious questions are raised and the balance of hardships are tipped sharply in his favor. Id. at 1115.
 
 
 6
 We need not address whether Duke has made a showing of probable success on the merits or whether serious questions are raised because we find that she can demonstrate neither irreparable injury nor a balance of hardships tipping sharply in her favor. Weighing the hardships of the parties, we see that if appellant ultimately prevails, she can regain her job with back pay. However, if the government ultimately prevails, we can see that forcing the Internal Revenue Service to retain an attorney handling complex tax cases beyond her competence could adversely affect the public interest in ways that could not subsequently be remedied.[1]
 
 
 7
 We have reviewed the affidavits presented by appellant in support of her motion for a preliminary injunction, and we conclude that she has made no such showing of irreparable injury or hardship as to entitle her to relief. Therefore, although we disagree with the district court's conclusion that it was without jurisdiction to grant a preliminary injunction, we affirm the district court's denial of an injunction.
 
 
 8
 AFFIRMED.
 
 
 9
 KILKENNY, Senior Circuit Judge, Specially Concurring:
 
 
 10
 I concur in the result of the majority opinion, but do not believe that Berg v. Richmond Unified School District, 528 F.2d 1208, 1211 (CA9 1975), vacated and remanded on the merits per curiam, 434 U.S. 158, 98 S.Ct. 623, 54 L.Ed.2d 375 (1977), should be used as an authority in a case where the plaintiff has failed to exhaust administrative remedies.
 
 
 11
 It is well settled that a district court cannot entertain a Title VII action until the plaintiff has exhausted administrative remedies. Brown v. GSA, 425 U.S. 820, 832, 96 S.Ct. 1961, 1967, 48 L.Ed.2d 402 (1976); Cooper v. Bell, 628 F.2d 1208, 1211 (CA9 1980); Scott v. Perry, 569 F.2d 1064, 1065-1066 (CA9 1978). I quote from Brown v. GSA, supra, 425 U.S. at 832, 96 S.Ct. at 1967:
 
 
 12
 'Section 717(c) permits an aggrieved employee to file a civil action in a federal district court to review his claim of employment discrimination. Attached to that right, however, are certain preconditions. Initially, the complainant must seek relief in the agency that has allegedly discriminated against him. He then may seek further administrative review with the Civil Service Commission or, alternatively, he may, within 30 days of receipt of notice of the agency's final decision, file suit in federal district court without appealing to the Civil Service Commission. If he does appeal to the Commission, he may file suit within 30 days of the Commission's final decision. In any event, the complainant may file a civil action if, after 180 days from the filing of the charge or the appeal, the agency or Civil Service Commission has not taken final action.'
 
 
 13
 To satisfy the exhaustion requirement, the plaintiff must wait at least 180 days after filing the formal complaint before bringing a Title VII action. 29 C.F.R. Sec. 1613.281 (1981). However, in this case, the appellant filed an action in the district court only one day after filing her complaint with the EEO counselor. This apparent attempt to circumvent the scheme of administrative remedies enacted to redress employment discrimination charges was improper. While there may be circumstances under which the court might exercise its discretion and retain jurisdiction until the 180 day period expires, I find no basis for a proper discussion or decision on that subject on the record before us. The district court was correct in dismissing the action. Brown, supra, at 835, 96 S.Ct. at 1969.
 
 
 14
 In the light of my conclusion that the appellant has failed to exhaust her administrative remedies, there is no need to reach her contention that the district court improperly denied a preliminary injunction.
 
 
 
 [1]
 If Duke is retained in her position without customary assignments the government would lose the benefit of an employee's services and would also in all likelihood suffer loss of morale