Gale **WILLIAMS**, et al.,
Plaintiffs-Appellees,

v.

**UNITED STATES of America, United States Post Office,**
Defendants-Appellants.

No. 82–5564.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 7, 1983.

Decided April 28, 1983.

Mark C. Rutzick, Dept. of Justice, Washington, D.C., for defendants-appellants.

Stanley Fleishman, Los Angeles, Cal., for plaintiffs-appellees.

Before CHAMBERS and FARRIS, Circuit Judges, and PRICE *, District Judge.

PRICE, District Judge.

The plaintiffs, consisting of two handicapped individuals and four organizations, whose purposes include the improvement of the quality of life of handicapped persons, filed this action against forty-one federal agencies and the Postal Service. The principal relief sought by plaintiffs was an order directing defendants to issue a "final § 504" regulation[1] which reflects the changes made by the Comprehensive Services and Developmental Disabilities Act of 1978, without further delay, and in no event later than April 1, 1981.

After concluding the defendants were required by Congressional mandate to issue such regulations, the trial judge appropriately stayed the proceedings to allow voluntary compliance. The response of the forty-one federal agencies satisfied the court as to their compliance efforts. They are not involved in this appeal.

The Postal Service persisted in its position that it was not required to promulgate the regulations sought by the plaintiffs, and filed a motion to dismiss. Plaintiffs countered with a motion for a mandatory injunction. The trial court granted the plaintiffs' motion, ordering:

1. The United States Postal Service shall publish expeditiously, and without further delay, a regulation implementing the 1978 amendment to § 504 of the Rehabilitation Act (29 U.S.C. § 794).

2. Defendants shall pay to plaintiffs' attorneys a reasonable attorney's fee to be set by the court.

We affirm in part, reverse in part, and dissolve the mandatory injunction without prejudice to plaintiffs' renewing their motion for its re-issuance.

█ We hold that the trial court correctly determined that the Postal Service is subject to the clear Congressional mandate to "promulgate such regulations as may be necessary to carry out the amendments to this section [formerly § 504 of the Rehabilitation Act (29 U.S.C. § 794)]."

█ Defendants argue that all the plaintiffs are without standing to bring this action. We held, in *Kling v. County of Los Angeles,* 633 F.2d 876, 878 (9th Cir.1980), that § 504 creates a private right of action. Other circuits have held that the same section extends standing to plaintiff classes and organizations of the handicapped. *See NAACP v. Wilmington Medical Center, Inc.,* 599 F.2d 1247 (3rd Cir.1979); *Leary v. Crapsey,* 566 F.2d 863 (2nd Cir.1977); *United Handicapped Federation v. Andre,* 558 F.2d 413 (8th Cir.1977). We concur with the trial court that plaintiffs have standing to maintain the action.

█ Defendants next argue that the plaintiffs have neither alleged, or otherwise demonstrated, specific interference with plaintiffs' ability to participate in Postal Service programs or participate in Postal Service activities. They further point to the requirement in this circuit that manda-

---

* Honorable Edward Dean Price, United States District Judge for the Eastern District of California, sitting by designation.

1. Section 504 of the Rehabilitation Act (29 U.S.C. § 794).

tory preliminary relief is granted only upon a showing that extreme or very serious damage will result if such relief is withheld. *See Anderson v. United States,* 612 F.2d 1112 (9th Cir.1979). We agree that plaintiffs' showing of specific injury as well as extreme or serious damage is totally lacking in the record before us.

Accordingly, we order that the injunction issued by the trial court on April 5, 1982[2] be dissolved, without prejudice to the plaintiff to renew their application for injunctive and/or mandatory relief upon making a proper showing upon their renewed motion.

**2.** We are informed by the appellees' brief that the District Court subsequently awarded the plaintiffs attorneys' fees of $15,000.00 in the instant action. That order is the subject of yet another appeal presently pending before this court in *Williams v. United States,* 694 F.2d 724 (9th Cir.1982). Accordingly, this order does not reach the attorneys fees matter.