955 F.2d 47
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lynnette BARNETT; Theresa L. Coleman; Rhonda L. Cordero,
et al., Plaintiffs-Appellants,
v.
DEPARTMENT OF SOCIAL SERVICES, OF STATE OF CALIFORNIA;
Lonnie Carlson, Interim Director; Thomas Hayes,
Director of Finance, State of
California, Defendants-Appellees.
 No. 91-16349.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 12, 1991.
Decided Feb. 19, 1992.
As Amended April 28, 1992.
As Amended April 28, 1992.
 
 1
 Before WILLIAM A. NORRIS, BEEZER, and LEAVY, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 A class of California AFDC recipients appeals an order of the district court denying a preliminary injunction preventing California from reducing the amount of AFDC grants.
 
 
 4
 We affirm because we do not think the district court clearly erred in its conclusion that appellants did not show the law and facts clearly favored them on the merits. See Anderson v. United States, 612 F.2d 1112, 1114 (9th Cir. 1979) (A preliminary injunction that "goes well beyond simply maintaining the status quo pendente lite, is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party.").
 
 
 5
 Indeed, we have serious doubts whether the requested preliminary injunction would be appropriate even assuming arguendo that appellants established that California's standard of need violates federal law. The federal courts have been reluctant to enjoin reductions if AFDC grants set by the state on the basis of defects in the standard of need. Rosado v. Wyman, 397 U.S. 397 (1970), did not hold that federal courts may prohibit reductions in state funding of AFDC grants; rather the Court stated that an appropriate injunction would prohibit the use of federal monies if the state did not bring standards of need into conformity with federal law. 397 U.S. at 420. The court reasoned that such relief reflected the limited role of the judiciary in reviewing AFDC benefits funded by a combination of federal and state funds.
 
 
 6
 It is . . . no part of the business of this Court to evaluate, apart from federal constitutional or statutory challenge, the merits or wisdom of any welfare programs, whether state or federal, in the large or in the particular. It is, on the other hand, peculiarly part of the duty of this tribunal . . . to resolve disputes as to whether federal funds allocated to the States are being expended in consonance with the conditions that Congress has attached to their use.
 
 397 U.S. at 422-23.[1]
 
 7
 Appellants' motion to amend their brief is GRANTED. The judgment of the District Court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Bryant v. Carleson, 444 F.2d 353, 361 (9th Cir. 1971), is not to the contrary. Appellants argue in their Petition for Rehearing that the rationale of Bryant is inapplicable because the court there considered a district court order that would have increased benefits, whereas the order sought here "merely preserves the status quo by restriaining defendants from paying less than they paid before [the California law cutting benefits was enacted] . . . ." Petition for Rehearing at 12-13. Appellants read the rationale of Bryant too narrowly:
 The practical effects of the order [increasing benefits] are apparent. The most notable is the resultant strain on the state welfare budget. This could prejudice members of the class plaintiffs represent should the increased cost exhaust the budget the defendant administers.
 444 F.2d at 360.
 Any order increasing spending over the amount allocated by the Legislature endangers the resources available for future spending, regardless of whether it takes the form of an order increasing benefits or, as sought here, an order preventing a decrease in previous benefits.