976 F.2d 736
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Warren S. FOREST, Plaintiff-Appellant,
v.
FEDERAL DEPOSIT INSURANCE CORPORATION, Defendant-Appellee.
 No. 92-15881.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 16, 1992.*
Decided Sept. 18, 1992.
 
 Before CHOY, ALARCON and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Warren S. Forest, a former FDIC employee, seeks reinstatement by way of an injunction while his Title VII action is pending. He appeals the district court's denial of his motion for a temporary restraining order and order to show cause why a preliminary injunction should not issue.[1] We affirm.
 
 
 3
 * Denial of a preliminary injunction will be reversed only where the district court abused its discretion or based its decision on an erroneous legal standard or clearly erroneous findings of fact. Religious Technology Center v. Scott, 869 F.2d 1306, 1309 (9th Cir.1989) (citing Colorado River Indian Tribes v. Town of Parker, 776 F.2d 846, 849 (9th Cir.1985)).
 
 
 4
 Forest's employment was terminated effective May 5, 1992; he filed a petition seeking a TRO and preliminary injunction the same day. Because Forest was already terminated, an injunction could not prohibit the FDIC from terminating Forest. Rather than maintaining the status quo, an injunction would compel the FDIC to reinstate Forest. "Mandatory preliminary relief ... is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party. Anderson v. United States, 612 F.2d 1112, 1114 (9th Cir.1979) (quoting Martinez v. Mathews, 544 F.2d 1233, 1243 (5th Cir.1976)). Moreover, a district court lacks jurisdiction to grant injunctive relief in federal employee Title VII actions prior to the running of a 180-day waiting period unless the claimant demonstrates "both a high probability of the claimant's ultimate success on the merits and the threat of irreparable injury." McGinnis v. United States Postal Service, 512 F.Supp. 517, 521 (N.D.Cal.1980) (quoting Berg v. Richmond Unified School District, 528 F.2d 1208, 1211 (9th Cir.1975)).
 
 
 5
 Forest fails to make a sufficient showing that he was dismissed in violation of his First Amendment rights, Due Process, or Title VII. His allegations lack sufficient force or specificity to support any determination of success on the merits. Furthermore, they fail to demonstrate any irreparable injury. If Forest ultimately prevails on his Title VII claim, he can be adequately compensated with reinstatement and back pay.
 
 
 6
 Unlike the petitioner in Garcia v. Lawn, 805 F.2d 1400 (9th Cir.1986), Forest fails to make a sufficient showing that he was terminated in retaliation for his exercise of Title VII rights. His supervisor issued an unsatisfactory performance appraisal before Forest filed a grievance with his union. In addition, Forest fails to make a sufficient showing that he was terminated for his participation in union activities. See Arcamuzi v. Continental Air Lines, Inc., 819 F.2d 935 (9th Cir.1987).
 
 II
 
 7
 Forest also contends that the district court erred in failing to evaluate his petition under the second standard articulated in Anderson: a showing by the petitioner that serious questions are raised and the balance of hardships tip sharply in his favor. Anderson, 612 F.2d at 1115. In support, Forest cites Aguirre v. Chula Vista Sanitary Svc. & Sani-tainer, Inc., 542 F.2d 779 (9th Cir.1976). In Aguirre, the Ninth Circuit reversed and remanded per curiam, stating "[t]he district court confined its inquiry to whether appellants had established a probability of success on the merits. There is an alternative basis for granting a preliminary injunction." Id. at 781 (citing William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 526 F.2d 86, 88 (9th Cir.1975)).
 
 
 8
 As subsequent cases have made clear, however, the two-part test articulated in Anderson and other cases represents a continuum rather than two separate tests.[2]
 
 
 9
 Arcamuzi, 819 F.2d at 937; Benda v. Grand Lodge of Int'l Ass'n of Machinists & Aerospace Workers, 584 F.2d 308, 315 (9th Cir.1978); McGinnis, 512 F.Supp. at 522. As an "irreducible minimum," Forest must demonstrate a fair chance of success on the merits, or questions serious enough to require litigation. Arcamuzi, 819 F.2d at 937; Committee of Central American Refugees v. INS, 795 F.2d 1434, 1437 (citing Aguirre ). He has failed to meet this threshold.
 
 
 10
 In any event, Forest has not shown that the balance of hardships tips sharply in his favor. Because a preliminary injunction would essentially mandate Forest's reinstatement rather than prohibit his termination, in all likelihood the balance tips toward the FDIC. Cf. Anderson, 612 F.2d at 1115, 1116 (interference and disruption of agency's internal affairs by dictating who it must hire imposes hardship).
 
 
 11
 The district court did not abuse its discretion in deciding that if Forest establishes a violation of Title VII, reinstatement and back pay will adequately compensate him for any injury.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Ordinarily no appeal lies from the denial of a motion for a temporary restraining order (TRO). Religious Technology Center v. Scott, 869 F.2d 1306, 1308 (9th Cir.1989). This Court has jurisdiction, however, to hear appeals from interlocutory district court orders refusing preliminary injunctions. 28 U.S.C. § 1292(a)(1)
 
 
 [2]
 This looser, sliding-scale inquiry may be inappropriate where administrative exhaustion is ordinarily required before a court may consider a claimant's petition. See Berg, 528 F.2d at 1211; McGinnis, 512 F.Supp. at 522-23 & n. 5