# Supreme Court of the Navajo Nation

**Beryl LeCompte,**
**Petitioner/Appellee,**
**v.**
**Ralph Redhair, individually and**
**as acting executive director of the Navajo**
**Housing Authority, the Board of Commissioners**
**of the Navajo Housing Authority, and the**
**Navajo Housing Authority,**
**Respondents/Appellants.**
**Decided December 15, 1997**

## OPINION

Before YAZZIE, Chief Justice, AUSTIN and CADMAN, Associate Justices.

Patterson V. Joe, Esq., Flagstaff, Arizona, for the Respondents/Appellants; and Claudeen Bates Arthur, Esq., St. Michaels, Navajo Nation (Arizona), for the Petitioner/Appellee.

Opinion delivered by AUSTIN, Associate Justice.

We address two questions on appeal: 1) Was the notice of appeal timely filed; and 2) What is "a certified copy" of the final judgment being appealed under N.R.C.A.P. 7(a). We find that the notice of appeal was filed late and dismiss the case for lack of jurisdiction.

### I

The Navajo Nation Labor Commission (Commission) rendered its decision in this case on September 10, 1997. The Appellants' counsel received the Commission's decision by certified mail on September 15, 1997. On September 25, 1997, the Appellants mailed their notice of appeal to the supreme court clerk for filing. The notice of appeal was received and stamped "filed" at 1:45 p.m., on September 26, 1997. The parties agree that the deadline for filing this notice of appeal expired on September 25, 1997. The Appellee seeks dismissal of this case for lack of this Court's jurisdiction.

## II

The statute regulating appeals of Commission decisions states as follows:

> Any party may appeal a decision of the Commission to the Navajo Nation Supreme Court by lodging a written notice of appeal, in the form prescribed by the Navajo Rules of Civil Appellate Procedure and within ten (10) days after receipt of the Commission's decision.

15 N.N.C. § 613.A. (1995). Relying on this section, case law on timeliness of filing notices of appeal,[1] and N.R.C.A.P. 4(a),[2] the Appellee claims that the time for filing the notice of appeal in this case expired at the end of business day on September 25, 1997. Conversely, the Appellants claim that pursuant to N.R.C.A.P. 7(d) and 4(b), a notice of appeal is deemed filed with the Court on the date of its mailing when regular mail is used (as opposed to certified mail). The Appellants rely on the following language in this order: Rule 7(d): "The Notice of Appeal and any motions or other papers filed in support of an appeal shall be served in accordance with Rule 4(b)"; and Rule 4(b): "Service by mail is complete on mailing." Thus, the Appellants argue that their notice of appeal was timely filed because it was mailed to the court clerk for filing within ten days of their receipt of the Commission's decision.

The Appellants present an ingenious argument that is not supportable by any construction of our law. Rules 7(d) and 4(b) are irrelevant to the question of how and when a notice of appeal is filed with this Court. Those rules govern service of papers between parties to an appeal and service of papers by the supreme court clerk upon the parties. The bulk of that service transpires after the notice of appeal is filed with this Court.

The Navajo Rules of Civil Appellate Procedure contains statements that papers have to be "filed" with the Court. Rule 7(a) provides that "[a]ll appeals shall originate by filing a written Notice of Appeal with the Clerk of the Supreme Court." What events would lead to a binding conclusion that a legal document, including a notice of appeal, whether hand carried or mailed, has been filed with the Supreme Court?

This Court contended with similar facts, issue, and argument in *In re Adoption of Doe*, 5 Nav. R. 141 (1987). There the Appellants, using certified mail, deposited their notice of appeal in the U.S. mail at the Tuba City Post Office. The envelope arrived at the Window Rock Post Office on the final day for filing the notice of appeal, but for unknown reasons, the postal officials failed to notify the supreme court clerk of the envelope. Left unclaimed, it was returned to the

---

1. *Pioche v. Begay*, 6 Nav. R. 403 (1991); *In the Matter of Baby Boy Doe*, 5 Nav. R. 141 (1987); *Riverview Service Station v. Eddie*, 5 Nav. R. 135 (1987); and *Viva Rancho Motors v. Tully*, 5 Nav. R. 145 (1987).

2. Rule 4(a) provides in relevant part: "All papers required or permitted to be filed in the Supreme Court shall be filed with the Clerk of the Supreme Court.... Filings may be accomplished by certified mail addressed to the Clerk, but filing shall not be timely unless the papers are received and stamped by the Clerk within the time fixed for filing."

Appellants several days later. *Id*. at 142.

The Appellants refiled their notice of appeal which the Court dismissed. Upon reconsideration, the Appellants argued that their initial notice of appeal was timely filed, because they mailed it before the time for filing the notice of appeal had expired. *Id*. The Court rejected the argument stating, "Deposit of a notice of appeal in the mail is not equivalent to filing the notice of appeal...." (citation omitted). *Id*. at 143. The Court then held that "an appeal is not considered filed until it is received into the custody and control of the Clerk of the Supreme Court, at the place of business, with all necessary documents stamped by and fees paid to the Clerk." *Id*. at 143-44.

Although *Doe* interprets the Navajo Rules of Appellate Procedure, the facts of the decision, the Court's reasoning, and the holding apply to this case unequivocally. *Doe* and this case address the basic question of when a notice of appeal is considered filed with the Court. Whether the notice of appeal is mailed or not is irrelevant to the inquiry.

A notice of appeal, and any legal paper required to be filed with this Court, is filed when it is received by the court clerk at the supreme court office, goes under her control, before the end of business day, and stamps it as "filed." The final act is the stamping of the document as "filed." See also Rule 4(a) ("Filing may be accomplished by certified mail addressed to the Clerk, but filing shall not be timely unless the papers are received and stamped by the Clerk within the time fixed for filing"). Of course for appeal purposes, there are the additional requirements of a certified copy of the final judgment and a filing fee. Both must be filed simultaneously with the notice of appeal. We hold that the Appellants' notice of appeal was not timely filed in this case.

## III

The final matter concerns the meaning of "certified copy" of the final decision being appealed. Rule 7(a) states as follows: "A certified copy of the [decision] ... being appealed ... must be attached to the Notice of Appeal." Certified copy means a copy (normally photocopied) of a document signed by the clerk under whose custody the record is kept attesting to it as a true copy. The clerk's original signature or marking must be on the copy itself. A copy of the clerk's signature and certification (copy of certification) will not suffice.

For the foregoing reasons, we dismiss the notice of appeal for lack of jurisdiction.