OPINION

This case concerns whether the doctrine of equitable tolling should apply to allow an employee to file a complaint against his employer beyond the time set out in the Navajo Preference in Employment Act. The Court vacates the Navajo Nation Labor Commission’s decision that equitable tolling should not apply, and remands for further proceedings.
I
This is the second visit by Milton Yazzie (Yazzie) to this Court on his challenge to his termination by Tooh Dine Industries (Tooh Dineh) nearly a decade ago (November 8, 1996). The Navajo Nation Labor Commission (Commission) determined that Yazzie failed to comply with two statutes of limitation set out in the Navajo Prefer *808 ence in Employment Act (NPEA): (1)15 N.N.C. § 610(B)(6), allowing 865 days to file a charge with Office of Navajo Labor Relations and (2) 15 N.N.C. § 610(J)(l)(c), allowing 360 days to file a complaint with the Commission. Based on the untimely filing of his charge and complaint, the Commission dismissed Yazzie’s case. On appeal, this Court reversed the dismissal and remanded the case to have the Commission determine whether or not the doctrine of equitable tolling should apply to waive the statutes of limitation. Memorandum Decision, Yazzie v. Took Dineh, SC-CV-12-01 (Nav.Sup.Ct. March 29, 2004).
Alter the remand, the Commission held an evidentiary hearing and reaffirmed its dismissal on several grounds. The Commission concluded that Yazzie’s testimony that he visited the Office of Navajo Labor Relations (ONLR) several times before 2000, but was rebuffed, was not credible. The Commission instead relied on the testimony of an employee of ONLR, wrho in an affidavit filed with Tooh Dineh’s motion to dismiss and in an earlier letter to Yazzie stated Yazzie had not visited ONLR before 2000 and claimed to have searched the sign-in sheets from the time Yazzie allegedly visited and had not located Yazzie’s name. That employee’s testimony at the hearing was actually different, as he testified that ONLR employees could not locate the sign-in sheets for that time period, and that he did not remember whether Yazzie had visited prior to 2000. Transcript at 19. The employee also testified that he informed Yazzie in March, 2000 that the time to file a charge had expired and that ONLR did not handle workmen’s compensation cases, but had Yazzie asked for a charge form, he would have given him one. The Commission also questioned Yazzie’s testimony that he went to several different, attorneys before 2000, who allegedly did not inform him of his right to file a wrongful termination claim under the NPEA, but only gave him advice on a potential workmen’s compensation claim. In its dismissal order the Commission asked the rhetorical question why the attorneys did not advise him of his rights under the NPEA. Finally, the Commission concluded that allowing Yazzie’s late filing would prejudice Tooh Dineh, as Tooh Dineh did not have Yazzie’s personnel file, and therefore could not defend against Yazzie’s claim of termination without just cause. This second appeal followed.
II
The issue in this case is whether the Commission followed this Court’s remand instructions when it declined to apply equitable tolling to allow the appellant to file a charge and complaint beyond the time limitations set out in the NPEA.
III
This Court reviews decisions of the Commission under an abuse of discretion standard. Toledo v. Bashas’ Diné Market, 2006 WL 6168967, **1-2, 6 Am. Tribal Law 796, 797-98 (Nav.Sup.Ct.2006). Under this standard, the Court’s review of factual findings is deferential, and those findings will only be reversed if not supported by “substantial evidence.” Id. This Court will find that a decision is “supported by substantial evidence” when "a ‘reasonable mind’ could accept [the evidence] as adequate to support the conclusion, even if it is possible to draw two inconsistent conclusions from the evidence.” Id. Legal conclusions are reviewed de novo, with no deference given to the Commission’s interpretation of the law. Id. Whether the Commission followed the Court’s remand instructions is a legal conclusion. In re Estate of Kindle, 6 Am. *809 Tribal 750, 751-52, 2006 WL 6168972, **1-2 (Nav.Sup.Ct.2006).
IV
The only question in this case is whether the Commission followed this Court’s instructions when it refused to allow Yazzie to file his charge and complaint. The question turns on the concept of “equitable tolling.” The NPEA’s statutes of limitation can be tolled by equitable considerations, and the Court and the Commission must look at the circumstances surrounding the late filing to decide whether fairness and substantial justice mandate waiving the time requirements. Harvey v. Kayenta Unified School Dist., 7 Nav. R. 374, 375-76, 1 Am. Tribal Law 707 (Nav.Sup.Ct.1999). In Harvey this Court held that a respondent’s conduct that contributes to the petitioner’s failure to meet a statute of limitation can toll the time limitation. Id. at 375, 1 Am. Tribal Law 707. In this way, the statutes of limitation in the NPEA are not jurisdictional, but may be waived based on the circumstances surrounding the late filing. Peabody Coal Co. v. Navajo Nation Labor Comm’n, 5 Am. Tribal 406, 406-07, 2004 WL 5658111, **1-2 (Nav.Sup.Ct.2004).
In the memorandum decision in this case, the Court expanded the concept of equitable tolling to include instances where extraordinary circumstances beyond a petitioners’s control make it impossible to file a claim on time. Yazzie, No. SC-CV-12-01, mem. dec. at 3-4. The Court also instructed the Commission to analyze whether the application of equitable tolling would unjustly prejudice Tooh Dineh, due to the loss of evidence or disappearance of witnesses. Id. at 8. Though the Court announced these principles in a memorandum decision, which is not binding precedent, see Navajo Rules of Civil Appellate Procedure, Rule 22(c), the Court reiterates those principles in this opinion as law.
 The application of these principles in this case required the Commission to consider the conduct of the Office of Navajo Labor Relations (ONLR). In no uncertain terms, the Court informed the Commission that employees of ONLR are “gate keepers” upon whom the petitioner depends in order to receive the protections of the NPEA. Id. at 5. As observed by the Court, if ONLR employees do not properly perform their responsibilities under the NPEA, the petitioner may, through no fault of his. or .her own, miss the time limitations. Id. Therefore, the Court concluded that ONLR employees are to provide information, provide needed assistance and provide necessary forms to people who come to their offices. Id. at 6. The Court further noted that whether equitable tolling is applied can depend upon the conduct of ONLR employees in light of the claimant’s situation, especially where the claimant is unaware of time limits, is unschooled in filing procedures or is unable to articulate his or her employment charge. Id. The Court again adopts these principles in this opinion.
Though the Commission was required on remand to look at all of these factors, it failed to do so. This Court was very specific in its remand instructions, yet the Commission either misconstrued them or, at worse, chose to ignore them. The record shows that the evidentiary hearing held on remand did not comply with the instructions. Instead, the Commission considered some of the circumstances surrounding Yazzie’s late filing, and reached problematic conclusions, but did not fully analyze the situation consistent with the remand instructions.
The Commission avoided a thorough analysis of the equitable tolling factors by interpreting its task on remand to be pvi- *810 marily to clarify whether the Commission rejected Yazzie’s testimony concerning his alleged visits to ONLR. In its second dismissal, the Commission specified that it did not believe Yazzie’s detailed testimony that he visited ONLR several times before 2000 and that he was denied assistance. On the other hand, NNLC accepted an ONLR employee’s questionable statements that Yazzie did not visit ONLR until four years after his termination from employment, However, to reach its conclusion, the Commission ignored significant contradictions in the ONLR employee’s testimony, affidavit and letter to Yazzie to conclude that Yazzie did not come to ONLR until 2000. The employee claims in his affidavit and letter, and the Commission so found, that he had checked the sign-in sheets for the relevant period Yazzie claimed he visited, and did not find his name. The Commission applies this evidence to bolster its conclusion that Yazzie fabricated his visits to ONLR. However, the transcript of the hearing shows the employee testified that the sign-in sheets could not be found, and therefore he did not, in fact, review them or know their contents. Transcript at 19. The Commission also found that the employee testified that Yazzie came into the office the first time in 2000, when, in fact, the employee testified he could not remember whether Yazzie came in before 2000. Id.
While a problematic factual finding on its own, the conclusion that Yazzie did not visit ONLR until 2000 should not have ended the analysis. The Commission cannot end its inquiry merely because it believed Yazzie did not come to ONLR until after the statute of limitation for filing a charge expired. It was required to inquire into the reasons behind why Yazzie supposedly did not seek ONLR’s assistance until four years after his alleged wrongful termination.[1]
The Commission failed to seriously consider Yazzie’s testimony that he visited several lawyers during the time period in which he had to file a charge, and allegedly received questionable advice on how to proceed with his claim. In its decision the Commission did not take the conduct of the attorneys into account, but merely rhetorically asked why they did not inform him of his right to file a wrongful termination claim under the NPEA. Yazzie's testimony on this point is directly relevant to the larger question of whether circumstances beyond his control contributed to his late filing. The Commission’s lack of serious consideration of this point demonstrates its failure to fully analyze the circumstances. Even assuming he did not visit ONLR before 2000, the alleged failure of the attorneys to correctly advise Yazzie should have been taken into account, instead of being brushed off.
*811 Finally, the Commission’s conclusion that Tooh Dineh would be prejudiced because it no longer had Yazzie’s personnel file is not supported by substantial evidence. The Commission also concluded that Tooh Dineh would be unduly prejudiced if equitable tolling were allowed because it no longer possessed Yazzie’s personnel records. The record does not show any evidence Tooh Dineh introduced to support such a conclusion. The statement that the records are no longer available appears to come from Tooh Dineh’s counsel’s dosing statement, and not from any testimony or other evidence submitted at the hearing. See Transcript at 63. In fact, Tooh Dineh submitted documents pertaining to Yazzie’s employment in its motions to dismiss in this case, and therefore at least some records are available. Motion to Dismiss, December 14, 2004, Index Listing No. 21, Exhibit B; Motion to Dismiss, February 9, 2001, Index Listing No. II, Exhibits A-C.
Upon these findings, and by once again principally relying on the time that had lapsed, the Commission did not thoroughly analyze all of the factors to determine that equitable tolling should not apply. The Commission did not follow the remand instructions, but instead selectively applied several of the Court’s factors, bolstering its conclusion with questionable evidence, and ignored other factors altogether. The Court holds that the Commission abused its discretion by not fully analyzing the circumstances under the principles of equitable tolling.
V
The Court VACATES the Commission’s dismissal of Yazzie’s complaint. The Court will not remand the case for the Commission to consider equitable tolling again, but concludes that given the delays and other circumstances beyond Yazzie’s control, his case should be heard on the merits.[2] The Court therefore REMANDS the ease and ORDERS the Commission to proceed to a hearing on the merits of Yazzie’s complaint.

. The Court notes that the ONLR employee’s actions in March, 2000 were also inconsistent with ONLR's responsibilities under the NPEA. Though Yazzie indeed was late under the statute, the employee should have done more than simply tell him that fact. The employee testified at the hearing that Yazzie did not ask for a charge form, and that he did not give him one. ONLR’s statutory responsibility is to provide assistance to employees seeking the protections of the NPEA. 15 N.N.C. § 610(B)(2)(g) (2005). If "assistance” is to have meaning, ONLR’s responsibility mandates more than simply waiting for the employee to ask for a form that he or she may not even know exists. See, supra, slip op. at 5. Furthermore, assistance must mean more than an ONLR employee telling a person to get a lawyer. ONLR instead has the duty to affirmatively distribute charge forms and explain what they mean. As Yazzie was already beyond the time period, and as the Court does not decide the truth of the Commission’s finding that Yazzie first came to ONLR in March, 2000, the Court points out ONLR’s responsibilities as guidance for future cases.

. The Court is aware of its own contribution to the delays in this case, in that it took two and half years for the Court to decide the first appeal. ;