OPINION

This concerns an objection to a homesite lease application by a grazing permittee within the district unit boundary of the proposed homesite lease. The appeal is decided on the record.[1] The Court REVERSES the OHA.
I
This case began with the homesite lease application (application) by Appellants Jimmy and Martina Begay (Begays) in February 2002. The Begays sought the assistance of the late Stanley Benally, local Grazing Committee Member, who identified three grazing permittees affected by the proposed homesite location within their district unit boundary. The Begays sought and received written consent from each of the three grazing permit holders, as instructed, from May to June 2002.
Shortly thereafter, Appellees Lewis and Lorraine King (Kings) objected to the Be-gays’ application claiming that they wTere not identified as grazing permittees and that they did not give their consent. On June 5, 2003, the District 11 Grazing Committee held a Field Meeting to address the objection and attempted mediation between the parties.[2] Accordingly, *150 Mr. Benally completed his field clearance certification form on October 14, 2003 and attached the three consent forms, previously obtained, to finalize the application. On April 8, 2004, the Kings submitted a Land or Grazing Complaint form to the Navajo Land Department to object to the application. The District 11 Grazing Committee, being aware of the King’s objection, nonetheless, passed a Resolution on May 2, 2005 to recommend the approval of the application.
The OHA held an evidentiary hearing on July 20, 2000 and subsequently issued its Findings of Facts, Conclusions of Law and Decision on September 27, 2006.[3] The OHA concluded that the Kings’ grazing rights will be affected by the proposed homesite and questioned why they were not included in the form. The OHA further concluded that the Kings’ consent was a condition precedent to approval of the application. The OHA therefore sustained the Kings’ objection. The Begays filed a notice of appeal with this Court on October 27, 2006.
II
The issue is whether the OHA abused its discretion in sustaining an objection by a grazing permittee to a homesite lease application where the OHA failed to determine whether the proposed homesite “directly affected” the objecting permittee’s grazing use or area, and whether the objecting permittee made beneficial use of his or her grazing permit.
III
Legal interpretations of administrative bodies, including the OHA, are reviewed by the Court de novo. Begay v. Navajo Nation Election Administration, 8 Nav. R. 241, 250, 4 Am. Tribal Law 604 (Nav.Sup.Ct.2002). The Court reviews decisions of administrative bodies under an abuse of discretion standard. Yazzie v. Took Dineh Industries, No. SC-CV-67-05, 6 Am. Tribal Law 806, 808-09 (Nav.Sup.Ct. September 20, 2006). An administrative body abuses its discretion when it makes a mistake as to the applicable law or if its factual findings are not “supported by substantial evidence.” Id.
IV
Pursuant to 2 N.N.C. § 695(B)(4) (2005), the Resource Committee of the Navajo Nation Council by Resolution RCD-289-93 approved the Homesite Lease Policy & Procedure (Policy & Procedure) and delegated its authority to approve, issue, amend, assign, relinquish, and execute homesite leases to the Navajo Land Department on December 22, 1993. In 2003, the Navajo Nation Council, by Resolution CO-59-03 (October 21, 2003), authorized the OHA to hear and decide disputes concerning grazing rights and land boundaries. See also Charlie v. Benally, No. SC-CV-19-07, 7 Am. Tribal Law 647, 651 (Nav.Sup.Ct. December 10, 2008) (OHA delegated authority to resolve all grazing, land and fencing disputes not pending appeal before the Resources Committee). The Policy & Procedure outlines the home-site application process and permits a land or grazing permittee to intervene. An objecting permittee must show that he or she is “directly affected” by the proposed homesite lease within his or her grazing use area. Navajo Land Administration’s Homesite Lease Policy & Procedure, XI II. A.l. (December 22, 1993). Furthermore, people who do not make beneficial use of a grazing permit do not have grounds to object. Id. at XIII A.2.
*151 The Court finds the decision of the OHA to be an abuse of discretion or otherwise not in accordance with law. The Kings, in the evidentiary hearing of July 20, 2006, did not present any evidence and, therefore, failed to prove how their grazing area or use is directly affected by the Begays’ proposed homesite location.[4] Furthermore, the Kings also did not present any evidence that they were making beneficial use of their grazing permit and the OHA failed to address whether the Kings, at the time of the dispute, made beneficial use of their grazing permit. The OHA merely considered the close proximity of the proposed homesite to the location of the Kings’ residence and concluded that “the grazing land of the Kings will be affected by proposed homesite.” King v. Begay, No. OHA-LD-008-05, Findings of Fact, Conclusions of Law and Decision (OHA September 27, 2006). Proximity alone of a homesite to a grazing area is not sufficient to prevent approval of a home-site lease application.[5] The OHA’s legal conclusion therefore was not supported by substantial evidence and not in accordance with the law.
If it has been determined that the objecting party has no grounds to object, such homesite application will be processed and finalized. Homesite Lease Policy & Procedure, XIII B.7. This provision clearly supports the notion that a groundless objection will not halt the finalization of a homesite lease application. Thus, the OHA erred in its legal conclusion that the Kings’ consent was a condition precedent. The OHA does not explain how or what law provides that consent is a condition precedent.[6] The OHA’s legal conclusion therefore was not supported by substantial evidence and is not in accordance with the law.
Finally, the OHA’s final judgment was without adequate findings of fact to support its legal conclusion. This Court has long held that lower tribunals are required to make findings of fact to support their legal conclusions. See Navajo Nation v. Badonie, 8 Nav. R. 507, 509, 5 Am. Tribal Law 416 (Nav.Sup.Ct.2004) (findings of fact in criminal judgment required); Burbank v. Clarke, 7 Nav. R. 369, 372, 2 Am. Tribal Law 424 (Nav.Sup.Ct.1999) (findings of facts in civil cases required). Most recently, in Charlie v. Benally, No. SC-CV-19-07, 7 Am. Tribal Law at 651-52 (Nav.Sup.Ct. December 10, 2008) (meaningful judicial review cannot occur if the lower quasi-judicial tribunal does not provide reasons why it decided a certain way and not another), this Court reiterated this requirement to this administrative body. Under these circumstances, the Court will not remand the case at additional time and expense of the parties so that OHA can make proper findings. The Kings had no grounds to object. Furthermore, OHA erred in not making the required findings of fact. The homesite lease application of the Begays should be finalized.
*152 [[Image here]]
Based on the foregoing, the Court REVERSES the OHA. The Office of Navajo Land Administration is ordered to finalize the homesite lease application.

. The Court issued an Order on March 23, 2009 informing the parties that the appeal will be decided on the record.

. It is unclear from the record if the mediation of June 5, 2003 was a success. However, the Field Clearance Certification completed by the District Grazing Committee Member states "[djispute resolved June 5, 2003.”

. ll is unclear from the lower court record when the Kings appealed to the OHA.

. On (he other hand, the record shows that the homesite location was chosen because it is not suitable for grazing.

. The Policy & Procedures also provides that ‘‘[n]o branch of the Navajo Nation Government shall deny an application for a homesite lease because of the applicant's sex, religious association, clan membership, political philosophy, personal grudges, chapter affiliation, income, education, public or private status, or tribal affiliationf.]" Section VII, Phase Two (2)(A).

.The Navajo Nation Council in its statute and the Navajo Land Department in its regulations have never held that consent is a condition precedent. The legislature knows how to set such requirements. See 1 N.N.C. § 555(A).