OPINION

This case concerns the dismissal of an appeal on additional grounds of Diñé bi beenahazáanii that preclude review.
*297 I
Appellant Priscilla Jean LaMarr timely filed an “Appeal/Relief from Court Order” contesting the Window Rock District Court’s Order Granting [Appellee’s] Petition for a Permanent Injunction. The Order granted declaratory and injunctive relief essentially prohibiting Ms. LaMarr, the decedent’s widow and a non-Indian resident of California, from interfering with ongoing Navajo customary burial arrangements so as to cremate the decedent’s body, which is contrary to Navajo beliefs. Attached to the notice of appeal were a facsimile (fax) copy of the certified order from January 23, 2015 and the filing fee of $60.00. No certification was attached verifying that the service was made on Appellee Chenoa Bah Jensen, the decedent’s niece.
The decedent was a sixty-eight year old Navajo and he passed away in Albuquerque, New Mexico from health complications. The decedent was laid to rest more than one month before the filing of the notice of appeal.
From the order being appealed, the district court held two hearings, one on the motion for a temporary restraining order and another on the petition for an injunction, and Appellant appeared telephonically for both proceedings. In granting the petition, the district court found that ten months preceding his death, the decedent and Appellant came to New Mexico for traditional healing ceremonies and the decedent was subsequently hospitalized in Albuquerque. Order Granting Petition for a Permanent Injunction, In re Spencer, WR-CV-5-15, ¶ 4 (W.R.DistCt. January 23, 2015). Appellant returned to California and visited twice. Testimony received at the injunctive hearing indicated Appellant “wanted a legal separation.” Id. Further testimony revealed that the decedent “contacted the Navajo Nation Veteran’s Office himself and made arrangement for a burial plot [at the Fort Defiance Veteran’s Cemetery] next to his brother.” Id. After the decedent passed away, “the family discovered the plot and made arrangements for a military funeral.” Id. The district court determined the dispute over the decedent’s body was not in accordance with “the teaching of the Navajo and the Court hereby aligns with those teachings pursuant to the mandate of the Navajo Nation Council,” Id. at ¶ 10. The district court then declined to interfere with ongoing customary arrangements permitting the funeral to proceed.
Rule 7(a) of the Navajo Rules of Civil Appellate Procedure requires a certified copy of the final decision being appealed must be attached to the notice of appeal, and the filing fee must be paid at the time of filing. In LeCompte v. Redhair, 7 Nav. R. 307, 1 Am. Tribal Law 479 (Nav.Sup.Ct.1997), the Court defined that a “certified copy” is a copy of an original signed by the clerk under whose custody the original is kept attesting to it as a true copy. “The clerk’s original signature or marking must be on the copy itself.” Id, at 309, 1 Am. Tribal Law 479. Failure to attach a certified copy of the final decision requires dismissal. Joe v. Atkins, 6 Nav. R. 8, 9 (Nav.Sup.Ct.1988).
In the case at hand, the record reveals that the Window Rock District Court mailed a certified copy of the Order by U.S. Postal Service to Ms. LaMarr on January 23, 2015. The district court also faxed a copy to Ms. LaMarr that same day. Ms. LaMarr attached the fax to the notice of appeal that was eventually filed by mail. A fax is a copy of the original Under Rule 7(a), a certified copy with the clerk’s original signature is required and a copy will not suffice as clarified in Le-Compte. Dismissal of this improperly filed appeal is mandated.
*298 Our dismissal of this appeal is also supported by Diñé bi beemkazáanii Under Diñé bi beenakazáanii, disputes over the body of a deceased person is prohibited. Furthermore, burial and the distribution of property are to be accomplished without undue delay out of respect for the deceased and without dispute in order to protect surviving family members. In re Estate of Nat D. Serially, 8 Am. Tribal Law 246, at 251 (Nav.Sup.Ct.2009). Prompt and reverent attention in keeping with kwá’ásiní báhozhdísin “allowjs] the deceased to complete Life’s journey” and permits surviving members of the family and clan to “complete the transitional (cleansing) process to resume Life.” Id, In situations where the deceased has been buried in accordance with our way of life, a Navajo court is not permitted to hear and decide disputes over the body. Reverence for the deceased relative, ktvá’ásiní báho-zhdísin, is required of all, especially of this Court. Dismissal of the appeal is demanded.
II
The appeal is hereby DISMISSED for lack of jurisdiction.