AMENDING OPINION TO CLARIFY THAT CERTAIN PRECEDENT ARE NOT OVERRULED

This case concerns a divorce matter, initiated by the wife, which resulted in an interlocutory divorce decree prior to the death of the parties but before the distribution of the property. The appeal to this Court, and its opposition, have been brought by the children of the deceased parties. The Family Court in its final order affirmed the interlocutory divorce decree and dismissed the ancillary property distribution matter. We affirm the Family Court’s decision.
I
The case came before the Family Court with the filing of a divorce petition by Ms. Winifred Hall (f/k/a Watson) on March 28, 2005. On May 27, 2005, Mr. Roy Watson filed a response informing the Family Court that he intended to proceed pro se and that he is not contesting any property accumulated during the marriage. On June 17, 2005, Ms. Hall filed an Emergency Motion for Summary Judgment and Immediate Hearing requesting that a ruling be expedited due to her failing health. This was the first official notification to the Family Court that Ms. Hall’s was severely ill, would soon be hospitalized, and was not predicted to live more than one month.
On or about June 30, 2005, a hearing on the motion for summary judgment was held and the Family Court granted Ms. Hall’s petition for dissolution of marriage upon Mr. Watson’s verbal consent. On July 5, 2005, the Family Court issued an Interlocutory Divorce Decree, pursuant to 9 N.N.C. § 405, terminating the marriage between Ms. Hall and Mr. Watson on the grounds of incompatibility to live together in agreement and harmony. The only remaining issue before the Family Court was the distribution of the former couple’s *237 community property and debt. Accordingly, Ms. Hall filed her property assessment on July 8, 2005 and Mr. Watson filed his on July 28, 2005.
Ms. Hall passed away on August 1, 2005. The following day, a Notice of Petitioner’s Death was filed informing the Family Court that Ms. Hall had a will and that once a personal representative for the estate was appointed that person would be substituted for the deceased party. However, no substitution was actually made. The final hearing previously scheduled was continued until October 6, 2005.
On September 6, 2005, a Marital Settlement Agreement (MSA) with a proposed Final Decree was filed with the Family Court by Ms. JoDonna Ward, daughter of Ms. Hall. This document had a signature purported to be that of Mr. Watson. Based on the agreement, the Family Court issued a Final Divorce Decree incorporating the MSA on October 13, 2005. On October 18, 2005, Mr. Watson challenged the MSA alleging that someone had forged his signature and that he did not agree to the division of property and debts specified in the October 13, 2005 Final Divorce Decree. With this challenge, Ms. Ward withdrew the MSA on April 3, 2006 and the Family Court vacated the Final Divorce Decree on May 21, 2006.
On May 22, 2006, the Family Court ordered the parties to submit briefs as to whether the property distribution should proceed under this divorce action or be pursued through probate. Both parties filed briefs in support of the claim that the Petition for Dissolution of Marriage extinguished upon Ms. Hall’s death. Neither party disputed the fact that the parties were legally divorced upon the issuance of the Interlocutory Divorce Decree. The only disputed issue was the distribution of the community property and debt. Ms. Ward asserted that the property should be distributed through probate. Mr. Watson, however, filed a Motion to Dismiss the divorce petition and a Motion to Vacate the Final Hearing arguing that the failure of Ms. Ward to file a motion for substitution of party within 90 days violated Rule 25(a) of the Navajo Rules of Civil Procedure requiring that “the action shall be dismissed as to the deceased party.”
On November 2, 2007, Mr. Watson passed away as the result of an auto accident. On November 21, 2007, the Family Court entered an Order Affirming Divorce and Dismissing Property Dispute. The Order affirmed the Interlocutory' Divorce Decree of July 5, 2005 legally terminating the marital relationship between the parties, but dismissed the matter of property distribution as both parties had passed away prior to the issuance of the Order. In dismissing the property issue, the Family Court referred the matter to Ms. Hall’s pending probate case. No mention was made of any pending probate case on behalf of the estate of Mr. Watson. Appellant Elroy Watson, acting as personal representative for the estate of Mr. Watson, filed a Notice of Appeal with this Court on December 27, 2007. The appeal asks this Court to vacate all orders of the Family Court, particularly the Interlocutory Divorce Decree.
II
The issues presented to this Court are (1) whether the marriage between Winifred Hall and Roy Watson ended in divorce upon the Family Court’s issuance of the Interlocutory Divorce Decree or whether the marriage dissolved at a later date, upon Ms. Hall’s death, and (2) whether this Court can determine the rightful personal representative for the estate of Winifred Hall appointed in a separate probate proceeding before the same Family Court.
*238 III
The issues in this ease are questions of law. The Court reviews such legal questions de novo, with no deference given to the trial court’s decision. Navajo Transport Services v. Schroeder, 7 Am. Tribal Law 516, 519 (Nav.Sup.Ct.2007).
IV
With regard to the first issue, this Court holds that a binding divorce was granted to Ms. Hall, pursuant to 9 N.N.C. § 405, upon the Family Court’s issuance of the Interlocutory Divorce Decree on July 5, 2005. The Family Court’s second order, the Order Affirming Divorce and Dismissing Property Dispute, merely affirmed the prior court decree. This holding is also supported by Diñé bi beenahaz’áanii, Diñé Fundamental Law, for the record shows there was never a dispute that the parties viewed themselves as living separate lives and that this dispute continued, and the attendant legal maneuvering was done, solely to gain the upper hand as to the distribution of the property and debt.
A
Appellant Elroy Watson, personal representative of the estate of Mr. Watson, appeals the Order Affirming Divorce and Dismissing Property Dispute of November 21, 2007 asserting that the Interlocutory Divorce Decree did not constitute a final order legally terminating the marital relationship. The Appellant specifically argues that because Ms. Hall passed away prior to the November 21, 2007 Order, the divorce was not legally finalized and Ms. Hall was still married to Mr. Watson at the time of her death.
This Court has established a general rule against which the finality of an order may be tested. A final order will generally show on its face that the case has been decided on the merits, the substantial rights of the parties have been determined, and there are no further proceedings remaining in the lower court on the merits of the case. Tsosie v. Charlee, 6 Nav. R. 280, 282 (Nav.Sup.Ct.1990).
Extensive evidence was presented to the Family Court that Ms. Hall and Mr. Watson had separated on February 8, 2005 and were no longer living together long before the issuance of the Interlocutory Divorce Decree. Provided testimony clarified that Mr. Watson had left the home he shared with Ms. Hall and had begun a now family with another woman. Neither party contested the original petition’s claim that the couple could no longer live in agreement or harmony. Hence, the Family Court entered an Interlocutory Divorce Decree that stated “[t]his Order shall serve as a valid certificate of a divorce pursuant to 9 N.N.C. § 405.” Hall v. Watson, No. KY-FC-154-05, Interlocutory Divorce Decree (Kay.Fam.Ct. July 5, 2005).
The record shows that at the time the Interlocutory Divorce Decree was issued, the only matter remaining between the parties was the distribution of their community property and debt. This Court holds that the divorce between Ms. Hall and Mr. Watson became effective on July 5, 2005 as the case was decided on the merits, the substantial rights of the parly in regards to their marriage was determined and there were no further proceedings remaining in the Family Court on the question of the marriage. The Interlocutory Divorce Decree was a final order for the purpose of terminating the marriage between the parties; this order was affirmed by a second order in which the issue of the distribution of property was dismissed so that the matter of the marital property and debt could proceed in probate.
*239 B
Diñé bi beenahm’danii, Diñé Fundamental Law, also supports the finality of the divorce between Ms. Hall and Mr. Watson. The discussion herein does not overrule this Court’s long established precedent that a court decree is necessary for a divorce to be valid. In re Validation of Marriage of Slowman, 1 Nav. R. 141 (Nav.Ct.App.1977); In re Validation of Marriage of Francisco, 6 Nav. R. 134 (Nav.Sup.Ct.1989); Begay v. Chief 8 Nav. R. 654, 6 Am. Tribal Law 655 (Nav.Sup.Ct.2005).
Under the Navajo principle of yo de yd, Mr. Watson ended his marriage when he left his wife and home. He openly entered into a new relationship and fathered a child with another woman with whom he resided until his own passing in November of 2007. There can be no greater evidence that Mr. Watson made it known to Ms. Hall and to the general public that he chose to end his marriage. Navajo custom requires that harmony in the community be restored by quickly and finally breaking ties so the community can soon return to normal. To have allowed such a former husband to challenge the fact that there was no longer a marriage would be nonsensical; the former husband cannot have it both ways. The Family Court was correct in not allowing the former husband to lurk “behind the hogan waiting to take a portion of the corn harvest.” Naize v. Naize, 7 Nav. R. 269, 273, 1 Am. Tribal Law 445, 450 (Nav.Sup.Ct.1997) (citing Apache v. Republic Natl. Life Ins. Co., 3 Nav. R. 250, 254 (W.R.Dist.Ct.1982)).
V
With regard to the second issue, the question of the rightful personal representative of Ms. Watson’s estate, that question is pending in the probate proceedings of In re Estate of Winifred Watson, No. KY-FC--018-06, currently before the Family Court. The Family Court has appointed Austin Hall, son of Ms. Watson, as personal representative to the estate. Ms. Ward, now challenges this appointment in her appeal to this Court.
Before this Court may consider the validity of the appointed personal representative, the Court must first decide the threshold question of whether there is an adequate remedy at law for Ms. Ward’s request. Only a final court order is ap-pealable to this Court. 7 N.N.C. § 801(A) (2005). Here, Ms. Ward’s request that this Court determine the rightful personal representative of Ms. Hall’s estate is best characterized as an improper interlocutory appeal of the probate action, which is prohibited by law. See Johnson v. Tuba City, 7 Am. Tribal Law 566, 570 (Nav.Sup.Ct.2007). In other werds, Ms. Ward’s challenge of the personal representative is a matter to be adjudicated first by the Family Court—that is the remedy still available to her. This Court will not intercede on the issue at this time. Accordingly, this Court will not decide upon the validity of the appointment of Mr. Hall as personal representative to the estate and instead, remands the question to the Family Court.
The Court further reminds the Family Court and the children of the deceased parties that under Diñé fundamental law, custom and practice, affairs of the deceased need to be taken care of immediately and with the utmost care. There is a strong principle not to prolong these matters out of respect for the deceased. Burial and property distribution should occur without dispute to protect surviving family members. Furthermore, death is not a proper and lively thing to discuss. In re Estate of Tsosie, 4 Nav. R. 198, 200 (W.R.Fam.Ct.1983). It is therefore troubling that the parties submit pleadings *240 referring to the deceased as if they were alive.
VI
Based on the above, the Court AFFIRMS the Order Affirming Divorce and Dismissing Property Distribution. The Appellant’s Motion to Vacate is DENIED. The Court REMANDS to the Family Court the questions of (1) the debt and distribution of personal and community property, and (2) the determination of the rightful personal representative for the estate of Winifred Hall. The Court recommends that the two probate cases be consolidated.