OPINION

This case involves a mother, who on behalf of her minor child, sought protection against father, custodial parent,[1] for alleged physical abuse. The Dilkon Family Court issued a five-year Domestic Abuse Protection Order (DAPO) against the father and indicated that the protection order would be for five years or less if the foreign custody order was modified sooner. Father appeals the decision, asserting the lower court erred when the judge entered the DAPO without affording him sufficient and adequate notice of the allegations and further considered the un-sworn testimony of the minor child. Based on the review of the record and oral argument of October 16, 2009, the Court REMANDS the matter.
I
On May 23, 2007, Bernice Smith filed a petition for DAPO and motion for Temporary Protection Order (TPO) in the Dilkon Family Court on behalf of her minor son. The Dilkon Family Court issued a TPO on May 23, 2007 and scheduled a hearing on the petition for a DAPO for June 6, 2007 in the Dilkon Family Court. Petitioner Bernice Smith and Respondent Michael Kasper both appeared pro se on June 6, 2007. The minor child was also present. The Dilkon Family Court issued a DAPO on June 6, 2007, and a notice of appeal was filed on July 6, 2007. The Court heard oral argument on October 16, 2009 In Dil-kon, Arizona.
II
The issues are 1) whether the Appellant was provided sufficient and adequate notice when the motion for the TPO did not provide specific dates and locations of alleged physical abuse and had six days to prepare for a hearing on a DAPO; 2) whether the Family Court abused its discretion by issuing a DAPO based on the unsworn testimony of a minor in the absence of other reliable evidence to corroborate the testimony; 3) whether the Family Court abused its discretion by determining child custody for a period of five years in a DAPO; and 4) whether written findings should have been required in the DAPO.
III
We review these issues for abuse of discretion by the Family Court. Discretion is defined as the ability to act within certain boundaries of rules, principles and customs applied to the facts of the case. While judges have discretion, there are limits to that discretion. Discretion is limited by legal principles and must be exercised in conformity with the spirit of the law and adopted rules, to serve the ends of justice. Sheppard v. Dayzie, 8 Nav. R. 430, 434, 5 Am. Tribal Law 374 (Nav.Sup.Ct.2004).
*350 IV
Appellant argues the initial petition for temporary protection order was vague and failed to provide him with sufficient and adequate notice as to dates and location of the alleged physical abuse so he may properly defend against said allegations. Additionally, Appellant asserts he was afforded only three working days to retain counsel and prepare for a hearing and therefore the DAPO should be vacated. The Court, however, notes the Appellant actually had six calendar days to prepare for the scheduled hearing or move the lower court for a continuance. The record shows Appellant did not request a continuance, nor did he verbally express the need for a continuance at the hearing. Furthermore, the rales provide for an informal proceeding in which parties can proceed without the assistance of legal counsel. See Rule 2.13 of the Navajo Rules for Domestic Violence Proceedings (NRDVP). The rules also provide for “short statements of facts, which shows that an act of domestic violence ... has occurred,” Sec Rule 3.2 of the NRDVP. The Court thus finds the petition under our rules of pleadings contained sufficient details to inform the Appellant of the allegations. The Court also finds no abuse of discretion where the parties proceeded pro se and the Family Court issued the DAPO based on the informal and free discussion of relevant facts subject to questions and direction by the court itself. Appellant was provided an opportunity to respond to the allegations and pose his own questions in his defense. The Appellant was therefore afforded due process. The Court, however, does find abuse of discretion regarding the custodial aspect of the DAPO issued.
V
Appellant asserts that the Family Court failed to receive sufficient credible evidence to justify the issuance of the DAPO when it considered only the un-sworn statements of the minor child absent other reliable evidence to corroborate the allegations. When the Court reviewed the transcript it noted an unusually high number of “inaudible” notations throughout the transcript. The Court therefore actually listened to the electronic recording and found that the transcript did not accurately document the lower court proceeding. The recording reveals that the minor child, along with both of his parents, stated his name for the record before all were sworn in. Thus, the court did not rely on unsworn testimony. The Court therefore finds the Family Court did not abuse its discretion when it granted the DAPO based on the sworn testimony of the minor child who testified as to physical abuse by his father, answered direct questions as to the abuse, and identified markings on his body. The minor child in his testimony was specific as to the act of violence, and the dates and location of the abuse. The Family Court’s decision was therefore supported by the preponderance of the evidence that it is more likely than not that a past or pattern of domestic violence occurred.
VI
As for the existing foreign custody order, the foreign order has never been domesticated in this jurisdiction and was therefore not before the trial court. The Family Court has authority to enter orders and grant other remedies, including temporary child custody to remedy acts of domestic violence. See Rule 2.15(f) of the NRDVP. Furthermore, domestic violence proceedings, unlike divorce/custody actions, promptly address allegations of abuse to provide maximum protection to victims of abuse and to make victims *351 whole. Rule 1.2 of the NRDVP. The Court finds that determining child custody for a period of five years in a DAPO constitutes abuse of discretion.
 A permanent change of custody “requires that a motion for modification be filed with proper service upon the opposing party; that the motion set forth facts showing a change of circumstances and state reasons why a modification of custody is in the best interests of the child; that a hearing be had; that the moving party show a substantial change in circumstances since the last custody order; and that the court find that the change in custody is in the best interests of the child.” Platero v. Mike, 7 Nav. R. 130, 132 (Nav.Sup.Ct.1995); see also Lente v. Notah, 3 Nav. R. 72, 74 (Nav, Sup, Ct.1982). Protection orders are granted when a preponderance of the evidence shows that it is more likely than not that an act of domestic abuse has occurred or is about to occur, with the purpose of preventing the occurrence or recurrence of abuse. 9 N.N.C. § 1654(A) (2005). This low burden of proof is insufficient for a permanent determination of child custody. Protection orders are intended to prevent abuse—not to determine permanent custody. In a DAPO the trial court may make only a temporary custody assignment based on a preponderance of the evidence. Additionally, in this case, the trial court failed to call for a more immediate review hearing.
VII
Written factual findings supporting legal conclusions are required in an order. See, e.g., Charlie v. Benally, No. SC-CV-19-07, 7 Am. Tribal Law 647 (Nav. Sup.Ct. December 10, 2008); Navajo Transport Services v. Schroeder, No. SC-CV-14-06, 7 Am. Tribal Law 516 (Nav. Sup.Ct. April 30, 2007). Nonetheless, the trial court did not state its reasons. However, as noted above, the Court did listen to the electronic recording of the hearing. The Court thus notes that the trial court stated its findings verbally on the record. Therefore, it is clear that the parties were aware of the trial court’s findings. Further, there is no conflict between the written order and the findings stated verbally in the healing. Trial courts are expected to make written findings in future cases; however, because it is clear that the parties were aware of the courts findings and out of this Court’s concern for the child’s welfare, specific written findings will not be required in this case.
VIII
Aside from the legal issues on appeal, the Court is concerned that legal counsels of the parties do not know the whereabouts of their clients, that they have not communicated with their clients for this appellate hearing, and especially that they do not know where the minor child is at this time. Héída hach’f cho‘oos’ííd dóó hoi yah ‘aníích^go éi doo t’óó bijilkáá da dooleel.[2] It is an affirmative duty and responsibility of legal counsel to maintain contact and communication with their client. See Model Rules Of Prof’l Conduct R. 1.4 (1984).[3] In other *352 words, lawyers cannot simply sit back and wait for the client to contact them. The Court instructed counsels to locate their clients to inform the Court of the child’s location and safety. A child has come to us seeking refuge. The trial court saw the need to shield the child from harm. Like any relative, parent, or guardian, it will continue to be concerned and worry about whether the child is safe; be’ ewéé’ bil yah anííehá’ígíí éi yikéé bíni’íí’á dóó yaa jé’ ólná. More than five weeks have passed since oral argument and counsels have yet to file their updates. The Court finds good cause to remand this matter to the Family Court.
IX
The Court hereby AFFIRMS the issuance of the DAPO. The matter however is REMANDED to the Family Court to hold a Status Hearing within 30 days to determine the location of the parties and the minor child, and whether the minor is safe. Additionally, the trial court shall amend the DAPO so that the custody assignment is of a temporary nature while still being sufficient to prevent the occurrence or recurrence of abuse. Finally, the trial court shall inform the parties of the appropriate procedures for a permanent change of custody.

. When the parents and child lived in Kansas in 1996, the father instituted a divorce/custody action and obtained an order awarding him primary custody of the child with visitation rights for the mother.

. The Court is aware of the bilagaana doctrine of "parens patriae " or “parent of the nation." The Court deliberately does not use this Latin phrase because the bilagaana concept with its root in English common law is different. The protection provided by the Sovereign (King) is based simply on its role of as guardian. The root of the Navajo value is based on the moral responsibility of the animate government and the familial relationship (ké) between the government and its People.

. This Court adopted the 1984 version of the American Bar Association's Model Rules of Professional Conduct. In re: The Model *352 Rules of Professional Conduct, A-CV-41-92 (Nav.Sup.Ct. May 17, 1993).