OPINION

This case concerns the trial court’s use and disclosure of in camera testimony of minor children in the modification of a child custody provision of a prior decree despite the court’s conclusion of no or limited evidence of a substantial change in circumstances. The Court remands the case.
I
On April 18, 2006 the Appellee (Mother) petitioned the family court to vacate a decree establishing paternity of her children, entered six years earlier, challenging the decree with the assertion that she had not been served with the complaint and summons in that cause of action. On December 8, 2006 the court refused to vacate the paternity decree because the Mother declined to admit or deny that the Appellant (Father) is the father; the court stated that under such circumstance it would not be in the best interest or welfare of the children to vacate the paternity decree. Mother has since abandoned the paternity argument and instead has filed a motion to modify the custody and child support provisions of the paternity decree insisting that she be awarded primary physical custody of the parties’ three children[1] and *403 child support. On January 3, 2007 Father filed a counter modification motion requesting that Mother be ordered to pay child support.
A hearing was held on March 6, 2007 to determine if primary physical custody should be changed from Father to Mother. On March 22, 2007 the court entered a Minute Entry Order informing the parties that “its decision is under advisement” and that it “was not possible to enter its findings on the Motion to Modify Child Custody.” Furthermore, the court appointed a guardian ad litem (GAL) to interview the children and file a report. On April 12, 2007 the GAL interviewed the children and filed a report on May 7, 2007 stating that “the children should be maintained in one household to the extent possible” and that “the children appear to be presently situated in a loving and decent environment.” Report of the GAL, R, at 20, p. 5-6. The court further set a final hearing for August 7, 2007 and ordered that the children be brought before the court for an in camera interview. Upon the court’s request for an updated report, the GAL filed a second report on August 6, 2007. The GAL stated that unless it is found that the information obtained during his last interview was falsely made, his recommendation would be “to respect the present environment and encourage both parents to work cooperatively.” R. at 29, p. 4. The hearing was held but no decision was issued subsequent to the hearing.
Two years later, the court issued an order for another hearing to be held on August 20, 2009. The order stated that during the last hearing “there was not sufficient evidence to justify a change in physical custody.” Order, May 14, 2009, R. at 33, p. 2 (emphasis added). Furthermore, the court informed the parties that it was not ready to order a change in physical custody because a year and nine months[2] had passed since information was last provided to the court. At the hearing, the court conducted a separate in camera interview of each of the minor children. On August 20, 2009 the court issued an order transferring primary physical custody of the children immediately to Mother with a notation that it will explain its decision in a final order. On September 15, 2009 the court entered a final order awarding the parties joint legal custody and sole physical custody in the Mother. The court stated it agreed with Father “that based upon the testimony presented at the hearing, there was limited evidence presented to warrant a change in custody.” R. at 43, p. 3 (emphasis added). However, the judge in disclosing the details of the in camera testimony of the children found from what the children told her “ample evidence” to award Mother primary physical custody. Id. Appellant appeals this final order challenging the court’s sole reliance on the in camera testimony to order change in custody despite its two previous legal conclusions of no and then limited evidence of a substantial change of circumstances.
This Court heard oral argument on March 26, 2010. The parties appeared with legal counsel. We learned at this hearing that between the years 2000 and 2006 the parties had resolved custody matters through peacemaking agreements which lasted until Father motioned to have Mother pay child support. Unfortunately, peacemaking has not been used to resolve *404 current differences and the parties now resort to the adversarial system to bring this appeal. The Court’s opinion now follows.
II
The issues are 1) whether the family court erred in modifying a prior child custody decision based solely on in camera testimony of minor children and without affording the primary custodial parent of ten years an opportunity to respond to the information and preference provided by his children; and 2) whether the family court erred in modifying a prior child custody order without the showing of a substantial change of circumstances.
III
This Court review questions of law fife novo. Hall v. Watson, No. SC-CV-52-07, 8 Am. Tribal Law 235 (Nav. February 24, 2009). The Court gives no deference to the Family or District Court’s legal conclusions. Id. Factual conclusions are reviewed for clear error. NHA v. Bluffview Res. Mgt. Corp., 8 Nav. R. 402, 412, 4 Am. Tribal Law 700 (Nav.Sup.2003). Upon such a review, the Court finds clear error where the Family or District Court has abused its discretion. Id. “Discretion” is defined as the discretion to act within certain boundaries of rules, principles and customs applicable to the facts of the case. In the Matter of the Estate of Nat Benally, No. SC-CV-49-08, 8 Am. Tribal Law 246 (Nav.Sup. June 25, 2009). An exercise of discretion will not be overturned unless the record shows the discretion has been abused. Singer v. Nez, 8 Nav. R. 122, 3 Am. Tribal Law 491 (Nav.Sup.2001).
IV
This Court has long held that a “substantial change of circumstances” is required in the modification of a prior child custody order. Platero v. Mike, 7 Nav. R. 130, 133 (Nav.Sup.Ct.1995) (party asserting change of custody has burden to show substantial change in circumstances); Yazzie v. Yazzie, 7 Nav. R. 33, 34 (Nav.Sup.Ct.1992) (a non-custodial parent must allege and show a substantial change of circumstances); Pavenyouma v. Goldtooth, 5 Nav. R. 17, 18 (Nav.Ct.App.1984) (the moving party must show a substantial change in circumstances since the last custody order); Barber v. Barber, 5 Nav. R. 9, 12 (Nav.Ct.App.1984) (a substantial change of circumstances must be alleged and shown); Lente v. Notah, 3 Nav. R. 72 (Nav.Ct.App.1982) (as a general principle, a party asking for a change of an original custody must show a substantial change in circumstances which affect the current custody arrangement). Based upon circumstances then existing, the prior custody order is presumed to have been rendered in the best interest of the child. Restated, this means the prior order need not be reexamined unless a substantial change in circumstances indicates a different arrangement would be in the children’s best interests. The burden of proof in a custody modification proceeding is on the requesting party to show that there’s been a sübstantial change in circumstances since the last custody order.
Appellant first argues that the court’s conduct of and reliance on the in camera (in private) testimony violated his procedural due process rights when it did not afford him an opportunity to respond to allegations revealed during the interview. The in camera interview was conducted without the presence of legal counsels [3] and the interview was not recorded. *405 Appellant argues that the new allegations, raised for the first time in camera, should have prompted further investigations to substantiate the allegations before the court entered an order changing custody.
The new allegations raised in camera include: children’s step mother treated them with indifference; children dreaded chores assigned by step mother; father is absent during the week due to his employment in Las Vegas; father is non-responsive and non-committal; second oldest child (16 years old) supervised his younger brothers for an hour and half each weeknight during step mother’s absence; eldest child (an adult) disciplined his siblings with threats and physical abuse; and children expressed a preference to live with their mother. With this new information, the court concluded that while there was “limited evidence” presented at the hearing to warrant a change in custody, there was “ample evidence” from the in camera, interview to “find that their [the children’s] current living conditions were a present threat to their health and well-being.” Order, September 15, 2009, R. at 43, p. 3. The court, without further investigation or affording Father an opportunity to respond to these allegations, used the in camera testimony as “findings” to support its decision to change custody.
The court is obligated to review circumstances since the last order. Selective testimonial facts to justify findings of a substantial change in circumstances is not in accordance with the requirement that the court consider “a complete review of the circumstances surrounding the child.” Lente v. Notah, 3 Nav. R. 72, 79 (Nav.Ct.App.1982). We therefore find the court erred when it did not afford Father an opportunity to respond to new allegations revealed during the in camera interview. As a parent, Father has a due process right to respond; the court erred in not according him procedural fairness. A parent should be extended this basic procedural due process because of a parent’s fundamental interest and responsibility for the welfare of his or her child.
Appellant next argues the court erred in modifying custody despite its previous legal conclusions that no substantial change of circumstances warranted such change. Two hearings on the motion to change custody were held on March 6, 2007 and August 19, 2007. A GAL was appointed after the first motion hearing. At the conclusion of both hearings, the court stated that it did not find a substantial change in circumstances to warrant a change in child custody. Furthermore, the reports of the GAL did not recommend a change in custody. Two years later, the court states again that “based upon the testimony presented at the hearing, there was limited evidence presented to warrant a change in custody.” Order, September 15, 2009, R. at 43, p. 3. For the due process reasons stated above and for the additional reasons stated infra (confidentiality and the weight to be given the testimony of children), the Court finds that the court’s use of the in camera testimony of the children as the sole basis for superceding or modifying its previous legal conclusions is an error.
We find that the court’s errors are egregious and also note that though in camera interviews may be used by courts, there are no policies, rules or procedures to guide or regulate the conduct and use of such interviews. Therefore, we find it necessary to offer guidance as to the use of in *406 camera interviews in child custody proceedings. An in camera interview by its very definition (in private) is confidential. Unless authorized by statutory law or rule, the judge cannot reveal the details of the conversation in court orders.[4] The purpose is to encourage children to speak frankly during such interviews. Here, the judge revealed the details of the interview in its final order prompting this appeal and, for the first time, instigating a conflict between a father and his children. The in camera interview is limited to the ascertainment of the child’s preference as to which parent to live with. A child’s preference is but one factor in considering child custody or its modification. See Lente v. Notah, 3 Nav. R. 72 (Nav.Ct.App.1982). Because in camera interviews are confidential and lawyers and parents are not normally present, the court shall not rely on testimony beyond the children’s preference as “findings” to warrant an immediate change in custody.
Although the court has discretion as to how to conduct such interviews, the in camera, interview cannot be used as a substitute for the court’s responsibility to investigate and properly declare factual findings. The need to verify newly received information is also supported by our traditional teachings as illustrated by the stories of the warrior twins in their upbringing. In their early years, the twins, while outside their hogan and away from their mother, White Shell Woman, were kidnapped by Yé’íi Tso binaalei’i—Yé’ii Tsoi Báhí and were eventually returned by Horned Toad. After their return, the twins revealed to their mother that they were taught to lie while in captivity. From this experience comes the principle of caution that while children do normally tell the truth, one must not fully rely on what children say; one should not simply do what the children wish or believe that what they say is always the truth. Children can be told, or given advice, as to what to say or do. It is taught that because of their immaturity (Bini’ t’ahdoo hadaniWeehda) one should not simply accept as truth what children say. We know what they say can be loaded with half truths. We therefore need to be careful in taking their information as “fact”. The court has an affirmative duty to consider the overall circumstances surrounding the children since the last order.
Despite our conclusion that the court erred in modifying a prior child custody order without the showing of a substantial change of circumstances, we are reluctant to simply reverse the court’s decision because we are concerned that no further investigations were ordered, the GAL was not involved in the last hearing of August 19, 2009, and the children have now spent more than 8 months with their Mother. The Court, like any relative, parent or guardian is concerned about the well-being of its (and the Nation’s) children, see Smith v. Kasper, No. SC-CV-30-07, 8 Am. Tribal Law 347, 352 (Nav.Sup, Ct. December 2, 2009). We will remand the case to the family court so it may properly consider the “overall circumstances” surrounding the children since the last order.
V
Based on the foregoing, the Court REMANDS the case. For the sake and well being of the children, the Court urges the parents and their counsels to resolve this matter amicably and outside these adversarial proceedings, and present an agree *407 ment to the family court. If no agreement is reached upon remand, the family court should consider its option of referring the matter to the Peacemaking Program prior to exercising other judicial proceedings toward final disposition.

. The parties have four children. The eldest child, 19 years old at the time final judgment was entered, is not the subject of this modification action. The 2006 paternity decree *403 awarded "joint legal custody” to the parents with primary physical custody to Father. The decree is silent as to child support from Mother.

. Apparently the scheduling order was written, dated and signed earlier than its issuance.

. The parties are in disagreement as to the whether they were afforded the opportunity to *405 be present for the in camera interview. The transcript does not provide insight as to whether Father’s counsel insisted on being present and was subsequently denied. Nevertheless, the interview was conducted without the presence of both legal counsels.

. The Court makes no comment as to whether in camera interviews should or must be recorded. If recorded another question arises, should the recording be sealed or can the parties have access?